

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 2005-140 (WOB)**

**JERRY STAMPER, ET AL**                                          **PLAINTIFFS**

**VS.**                              **MEMORANDUM OPINION AND**
                                            **ORDER**

**CAMPBELL COUNTY, KENTUCKY**                         **DEFENDANT**


This matter is before the court on the parties' cross motions for summary judgment (Doc.

##42, 43) and plaintiffs' motion for leave to file second amended complaint (Doc. #48).

The court heard oral argument on these motions on Wednesday, January 17, 2007.  Robert

Newman and Steven Felson represented the plaintiffs, and Jeffrey Mando represented the defendant.

Court reporter LaCartha Pate recorded the proceedings.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a prisoner

exhaust administrative remedies before filing suit in the district court.  *Jones Bey v. Johnson*, 407

F.3d 801, 805 (6th Cir. 2005).  The Act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title,
> or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This exhaustion requirement "applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted, and "the prisoner must attach documentation to the complaint as proof." *Jones Bey*, 407 F.3d at 805 (citations omitted). "Exhaustion is not jurisdictional; it is mandatory," even if proceeding through the administrative system would be "futile." *Id.*

"A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (citation omitted). Further, a plaintiff failing to plead exhaustion may not be permitted to amend his complaint to cure the defect; instead, the complaint should be dismissed and he may refile if the relevant statute of limitations has not run. *Id.* The Supreme Court recently reaffirmed the stringency and mandatory nature of the exhaustion requirement in *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

An inmate must not only file an administrative grievance, but "the content of the grievance[] must be adequate, too." *Bell v. Konteh*, 450 F.3d 651 (6th Cir. 2006). The grievance must give prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional claim made in the prisoner's complaint. *Id.* (citation omitted). "In applying this standard, a grievance must be measured against the claim brought in the prisoner's subsequent lawsuit." *Id.*

Here, it is undisputed that neither of the letters written to jail officials by plaintiffs' counsel – which letters serve as the administrative "grievances" in this matter – mentions the denial of the right to counsel. (Def. MSJ, Exh. E) Rather, these letters complain only that the imposition of "collective punishment" and the failure to provide affected inmates with a hearing prior to the deprivation of certain privileges were unconstitutional practices. Nowhere do these letters state,

2

either expressly or implicitly, that plaintiffs were denied their right to counsel. Defendant's response to the grievance also deals only with the issue of "collective punishment." (*Id.*) Thus, these letters do not contain the degree of specificity necessary to give defendant "fair notice" of the Sixth Amendment claim that plaintiffs now assert in this lawsuit. This court therefore may not consider the merits of plaintiffs' claim, and the complaint must be dismissed without prejudice. All other issues raised by the parties are thus moot.

Therefore, having heard the parties, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that: (1) defendant's motion for summary judgment (Doc. #42) be, and is hereby, **GRANTED**; (2) plaintiffs' motion for summary judgment (Doc. # 43) be, and is hereby, **DENIED**; (3) plaintiffs' motion for leave to file second amended complaint (Doc. #48) be, and is hereby, **DENIED AS MOOT**; and (4) the complaint be, and is hereby, **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall enter concurrently herewith.

This _17th_ day of January, 2007.

_William C. Bertelsman_
**WILLIAM O. BERTELSMAN, JUDGE**

TIC: 13 min.

3